UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIMAL NAND REDDY,

Petitioner,

v.

HIGH DESERT STATE PRISON WARDEN,

Respondent.

Case No. 25-cv-08505-NW

**ORDER SCREENING AMENDED PETITION, DISMISSING STATE LAW CLAIM. AND ISSUING ORDER TO SHOW CAUSE**

Petitioner Vimal Nand Reddy, a state prisoner, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence. The Court previously screened Reddy's petition and dismissed it with leave to amend so he could provide more information about his claims, including whether his claims were exhausted. *See* ECF No. 8. On February 10, 2026, Reddy filed an Amended Petition, which is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases. For the reasons set forth below, the Court **DISMISSES** Reddy's state law claim and issues an **ORDER TO SHOW CAUSE** why the petition should not be granted as to his remaining claims.

### I.    BACKGROUND

Reddy was convicted and sentenced in San Mateo County of twenty-six counts of various crimes. *See* ECF No. 10 at 8 (listing counts under California Penal Code sections 261(a)(2), 288a(c)(2), 664/289(a), 289(a)(1), 422, 136.1(b)(1), 236, 10851(a), 273.5(a)).[1]  He was sentenced to 56 years in prison. Reddy does not provide further factual information regarding his case, but

---

[1] Unless otherwise noted, all facts in this section are taken from the Amended Petition, ECF No. 10.

alleges that his habeas claims were exhausted during his direct appeal.

Reddy alleges that his due process rights were violated by (1) the admission of his prior acts of domestic violence, (2) him being handcuffed in the jury's presence, (3) the exclusion of his statements to unspecified individuals unless he testified, and (4) the use of CALJIC No. 2.50.02 to instruct the jury, which "allow[ed] them to consider prior acts under a lower standard of proof." ECF No. 1 at 5. Reddy states that the exclusion of his statements prejudiced him and limited his attorney's ability to present evidence and cross-examine witnesses. He does not provide information about the contents or context of the statements that were excluded at trial. Relatedly, Reddy challenges his attorney's performance on the basis that Reddy did not understand during trial that his "silence could later be used against him," likely referring to the exclusion of his own statements, which he asserts made the trial "one sided." *Id.* Moreover, Reddy contends that the trial court imposed consecutive sentences and enhancements based on impermissible judicial fact finding; Reddy was sentenced to the upper term on all counts. He also asserts that his prosecution violated the Racial Justice Act.

## II.    DISCUSSION

### A.    Standard of Review

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B.    Analysis

Reddy has raised claims that his constitutional rights were violated by admission of certain evidence and statements, the use of a jury instruction that diminished the prosecution's burden at trial, improper shackling in front of the jury, ineffective assistance of counsel, and impermissible fact-finding by the trial court during sentencing. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d

United States District Court
Northern District of California

1015, 1020 (9th Cir. 2001) (district courts have a "'duty . . . to construe pro se pleadings liberally'").

To the extent that Reddy alleges violations of the Racial Justice Act. As the Court noted in its prior screening order, the Racial Justice Act is a California state law, and alleged state law errors are not cognizable for federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *accord Wynn v. Foulk*, No. 20- cv-0181-SI, 2021 WL 6135325, *4 (N.D. Cal. Dec. 29, 2021) (finding claim for relief under CJRA not cognizable on federal habeas); *Harris v. Cisneros*, No. 22-cv-00074-CRB (N.D. Cal. Apr. 11, 2022) (same). Reddy's Racial Justice Act claim is therefore **DISMISSED WITH PREJUDICE**. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### III.    CONCLUSION

The Court orders as follows:

1. The claim alleging violations of the Racial Justice Act is **DISMISSED WITH PREJUDICE**. All remaining claims shall move forward.

2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall also mail a copy of this order to Reddy.

3. Within 60 days of the issuance of this order, Respondent is **ORDERED** to file with the Court and serve on Reddy an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Reddy a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Reddy wishes to respond to the answer, he shall do so by filing a traverse with

United States District Court
Northern District of California

3

the Court and serving it on Respondent within 30 days of his receipt of the answer.

5. In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Reddy must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Reddy's opposition is served and filed.

6. Reddy is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

7. Reddy must also keep the Court and Respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

4