UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIMAL NAND REDDY,<br>Petitioner,<br>v.<br>HIGH DESERT STATE PRISON WARDEN,<br>Respondent. | Case No. 25-cv-08505-NW<br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AMENDED HABEAS CORPUS PETITION**<br>Re: ECF No. 20 |

Petitioner Vimal Nand Reddy filed the instant *pro se* amended petition for writ of habeas corpus. *See* ECF No. 10. On July 20, 2026, Respondent filed a motion to dismiss the amended petition as successive. *See* ECF No. 20. The matter is now fully briefed. *See* ECF Nos. 22, 23. For the reasons set forth below, the Court **GRANTS** Respondent's motion to dismiss.

## I. BACKGROUND

Petitioner filed the instant amended petition for writ of habeas corpus on February 10, 2026. *See* ECF No. 10. The petition challenges his San Mateo County Superior Court 2003 convictions and sentence of twenty-six counts of various crimes. *See id.* at 8 (listing counts under California Penal Code §§ 261(a)(2), 288a(c)(2), 664/289(a), 289(a)(1), 422, 136.1(b)(1), 236, 10851(a), 273.5(a)). In her motion to dismiss, Respondent notified the Court that Petitioner had previously filed—and the Court (Whyte, Judge) denied—a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the same convictions. *See* ECF No. 20 at 1–3; *see also Reddy v. Yates*, No. 06-cv-03883-RMW (PR) (N.D. Cal. 2008) (denying habeas relief on December 9, 2008).[1]

[1] A court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also* Fed. R. Evid. 201. The Court therefore takes judicial notice of the docket, filings, and orders in Petitioner's prior federal habeas case, *Reddy*, No. 06-cv-03883-RMW.

United States District Court
Northern District of California

## II. DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or "the factual predicate for the claim could not have been discovered previously through . . . due diligence; and . . . the facts underlying the claim . . . establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty[.]" *Id.* at § 2244(b)(2)(B). But "[b]efore a second or successive application permitted by this section is filed in the district court, *the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the Court of Appeals. *Chades v. Hill*, 976 F.3d 1055, 1056–57 (9th Cir. 2020); *accord Balbuena v. Sullivan*, 980 F.3d 619, 635 (9th Cir. 2020).

Here, Respondent has established that the instant petition is successive and therefore subject to the limitations set out in 28 U.S.C. § 2244. Moreover, Petitioner does not deny that he failed to obtain permission from the Court of Appeals for the Ninth Circuit before filing the pending petition, nor has the Court found any record of any such filings by Petitioner in the appellate court. *See generally*, ECF No. 22. The Court therefore concludes that it does not have jurisdiction to consider the pending petition.

## III. CONCLUSION

The Court orders as follows:

1. Respondent's motion to dismiss (ECF No. 20) is **GRANTED**.
2. The petition for writ of habeas corpus is **DISMISSED** without prejudice to Petitioner filing a new petition if he obtains the Court of Appeals for the Ninth Circuit's authorization to file a successive petition.
3. As jurists of reason would not find it debatable whether the Court was correct in its procedural ruling, a certificate of appealability will not issue. *See* 28 U.S.C.

United States District Court
Northern District of California

§ 2253(c); *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (certificate of appealability available to challenge district court's procedural ruling only where jurists of reason would find the federal habeas court's ruling debatable). Petitioner may seek such a certificate directly from the Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 22(b).

4. A separate judgment will issue. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Noël Wise
United States District Judge